IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALMONDNET, INC.,                                                    OPINION and ORDER

                Plaintiff,                                                      10-cv-298-bbc

     v.

MICROSOFT CORPORATION,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff AlmondNet, Inc. contends that defendant Microsoft Corporation is infringing four of plaintiff's United States patents related to internet advertising. Defendant has filed several affirmative defenses and counterclaims against plaintiff, including a defense and counterclaim that plaintiff engaged in inequitable conduct before the United States Patent and Trademark Office by failing to disclose three articles related to the current state of internet advertising and three existing internet advertising systems. On May 24, 2011, I dismissed defendant's inequitable conduct counterclaim without prejudice for defendant's failure to plead inequitable conduct with particularity. Dkt. #48. Defendant filed an amended answer on June 3, 2011.

      Now before the court is plaintiff's motion to strike defendant's inequitable conduct affirmative defense under Fed. R. Civ. P. 12(f) and dismiss defendant's counterclaim for

1

inequitable conduct under Fed. R. Civ. P. 12(b)(6) for defendant's failure to plead inequitable conduct with particularity. Dkt. #51. After reviewing defendant's amended answer, I conclude that defendant's inequitable conduct defense and counterclaim are sufficiently pleaded. Therefore, I will deny plaintiff's motion.

OPINION

In the previous order dismissing defendant's inequitable conduct counterclaim and defense, I held that defendant's pleading failed to satisfy the requirements of Fed. R. Civ. P. 9 as set forth in Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1326-27 (Fed. Cir. 2009). Under Exergen, a party pleading inequitable conduct must identify "the specific who, what, when, where, and how of the material misrepresentation or omission committed before the [Patent and Trademark Office]." Id. at 1327. In a recent opinion, the Court of Appeals for the Federal Circuit made it clear that parties alleging inequitable conduct for failure to disclose material information must allege that the withheld references are "but-for material," that is, that the examiner "would not have allowed a claim had it been aware of the undisclosed prior art." Therasense, Inc. v. Becton, Dickinson and Co., — F.3d —, 2011 WL 2028255, *11 (Fed. Cir. May 25, 2011) (en banc). Additionally, although "knowledge" and "intent" may be averred generally, a pleading of inequitable conduct "must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or the falsity of the material

2

misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the [Patent and Trademark Office]." Exergen, 575 F.3d at 1328-29. It is not enough for an inequitable conduct plaintiff to allege that the individual "should have known" that the withheld information was material. Therasense, 2011 WL 2028255, at *9.

The allegations in defendant's previously dismissed complaint did not support an inference that the three non-disclosed articles related to internet advertising were material and not cumulative because defendant did not explain how the information was related directly to the subject of the patents at issue. Defendant had failed to identify which specific claims or limitations in the patents were relevant to the information in the publications; it alleged only "on information and belief" that the information in the three publications was not cumulative; and it alleged nothing allowing an inference that the inventor of the patent, Roy Shkedi, withheld the references with a specific intent to deceive the patent office. Similarly, in its previous answer, defendant pleaded all of the allegations regarding the three internet advertising systems "upon information and belief," did not explain adequately the connection between the advertising systems and specific claims in the patents at issue and pleaded no allegations implying that the inventor withheld information about the three advertising systems with an intent to deceive the patent office.

The inequitable conduct allegations in defendant's amended answer address the issues raised by my previous order and satisfy the pleading standards in Exergen. Defendant's allegations identify the "who" and "when" sufficiently by alleging that Shkedi failed to

3

disclose three articles related to the current state of internet advertising and three existing internet advertising systems during the prosecution of the four patents at issue in this case. These allegations name Shkedi as the individual who possessed the publications and information about potential competitors before the patents were issued, used this information in authoring a business plan for plaintiff and failed to disclose it to the patent office during prosecution of the patents.

Defendant's amended pleading also satisfies the "what," "where" and "how" requirements of Rule 9 by including more information about why the non-disclosed information was allegedly "material" to plaintiff's patents. As explained in the previous order, to plead materiality defendant must "identify which claims, and which limitations in those claims, the withheld references are relevant to, and where in those references the material information is found." Exergen, 575 F.3d at 1329. In addition, defendant must allege "'why' the withheld information is material and not cumulative, and 'how' an examiner would have used this information in assessing the patentability of the claims." Id. at 1329-30.

Defendant's amended pleading satisfies the "what" requirement sufficiently by identifying the claims and limitations in those claims to which the withheld references are allegedly relevant. Defendant's allegations also satisfy the "where" requirement of Exergen. With respect to the three articles, which range from only six to eight pages in length,

4

defendant's allegations make specific reference to relevant subjects and quotations from these articles. Am. Ans., dkt. #49, ¶¶ 50, 52, 54. These allegations are adequate to identify "where in [the] references the material information is found." Exergen, 575 F.3d at 1329. With respect to the three internet advertising systems, defendant identifies specific material features of those systems. Am. Ans., dkt. #49, ¶ 57 ("DoubleClick offered internet advertising priced such that the advertiser would pay an additional amount for on targeting criteria and a greater additional amount for two targeting criteria."); ¶ 59 ("ClickWise . . . determine[d] the highest scoring or best ad to return" and supported specific weighed targeting options); ¶ 61 ("NetGravity . . . allowed users to assign[] their own values to targeting information.").

The "why" and "how" elements require defendant to allege that the patent examiner would not have approved plaintiff's patent application had it been aware of the undisclosed publications and internet advertising systems. Therasense, 2011 WL 2028255, at *11; Exergen, 575 F.3d at 1329. Plaintiff contends that defendant's allegations concerning the "why" and "how" elements of its inequitable conduct claim are insufficient because they do not explain why or how the patent examiner would have used each reference specifically to find the patent obvious or anticipated. However, defendant alleges that the examiner would not have allowed particular claims to issue as anticipated by, or obvious in light of, specific information in the withheld references. Am. Ans., dkt. #49, ¶ 50 (Himelstein reference's description of targeting options in internet advertising discloses or makes obvious six specific

5

limitations of nine claims of plaintiff's patent.); ¶ 52 (ClickOver reference's description of user profiling and ad management services discloses or makes obvious five limitations of eight claims of plaintiff's patents); ¶ 54 (Forrester reference's description of pricing and targeting of advertising makes obvious five limitations of seven of plaintiff's patents); ¶¶ 57, 59, 61 (DoubleClick, ClickWise and NetGravity internet advertising disclose or render obvious specific limitations of claims in plaintiff's patents). Additionally, defendant contends that the information and publications were not cumulative of the prior art before the examiner because Shkedi alleged repeatedly during the prosecution of the patents that the art before the examine did not disclose the identified claims and limitations. Id. ¶ 63. Defendant contends that if the references and descriptions had been disclosed, Shkedi could not have made such representations. These allegations satisfy the requirement of Exergen to plead "the particular claim limitations, or combination of claim limitations, that are supposedly absent from the information of record" before the Patent and Trademark Office. Id. at 1329. In addition, the allegations explain why the patent examiner would have disallowed certain claims (because they were obvious or anticipated) and how he or she would have used the information to do so (by examining the descriptions of prior art contained in the references).

Finally, I conclude that defendant's allegations permit a plausible inference that Shkedi "knew of the withheld material information" and withheld it with "a specific intent to deceive" the patent office. Delano Farms Co. v. California Grape Commission, – F.3d –,

6

2011 WL 3689247, *11 (Fed. Cir. Aug. 24, 2011) (citing Exergen and Therasense). Defendant alleges that Shkedi was aware of the material information in the undisclosed references and used it in developing a business plan for plaintiff. Plaintiff contends that these allegations are insufficient because in the previous order dismissing defendant's inequitable conduct claim, I stated that the fact that Shkedi attached this information to a business plan was insufficient by itself to support an inference that Shkedi withheld information from the patent office intentionally in order to deceive the patent examiner. Dkt. #48, at 8, 11. However, in its previous answer, defendant had failed to identify material information in the withheld references, a reason to believe Shkedi was aware of any material information in the references or any basis on which to infer that Shkedi had withheld the references because he knew that the patent examiner would disallow some of the patent claims using the references.

In the amended answer, defendant alleges that the articles are brief and that Shkedi attached copies of them to the business plan, quoting extensively from one of the references in the business plan. Am. Ans., dkt. #49, ¶ 55. Also, defendant alleges that Shkedi investigated the three existing internet advertising systems, was aware of their advertisement and pricing mechanisms and presented the systems as plaintiff's potential competitors in the business plan. Id. ¶¶ 56, 58, 60, 62. These allegations suggest that Shkedi appreciated that the three internet advertising systems and the three articles were relevant and material to plaintiff's invention and knew that the information would have been important to a patent

examiner who was evaluating the plaintiff's patent applications.

Plaintiff contends that even if defendant's allegations permit an inference that Shkedi knew the references were material and decided to withhold them anyway, this would be insufficient, because "[i]ntent and materiality are separate requirements," Therasense, 2011 WL 2028255, at *10.  This is true.  A "court may not infer intent solely from materiality." Id. ("Proving that the applicant knew of a reference, should have known of its materiality, and decided not to submit it to the PTO does not prove specific intent to deceive."). However, a "court may infer intent from indirect or circumstantial evidence," id., and defendant's allegations that Shkedi made representations during the prosecution of the patents about the state of the prior art that were inconsistent with the content of the undisclosed evidence implies that Shkedi knew that a patent examiner with this information might disallow pending claims in plaintiff's applications on the basis of obviousness.  Agfa Corp. v. Creo Products Inc., 451 F.3d 1366, 1378 (Fed. Cir. 2006) ("[A] trial court may infer deceptive intent based on a showing that a patentee withheld references with which it was intimately familiar and which were inconsistent with its own patentability arguments to the PTO.").

In sum, defendant has pleaded sufficient allegations to support its claim and defense of inequitable conduct.  Accordingly, I will deny plaintiff's motion to dismiss the claim and strike the defense.

ORDER

IT IS ORDERED that plaintiff AlmondNet, Inc.'s motion to strike and dismiss, dkt. #51, is DENIED.

Entered this 13th day of September, 2011.

                                          BY THE COURT:
                                          /s/
                                          BARBARA B. CRABB
                                          District Judge